Gonzalo Ubiñas González, Appellant, v. Registrar of Property of Aguadilla, Respondent.

No. 1155. Submitted November 6, 1944.—Decided January 30, 1945.

*José L. Cancio* for appellant. The registrar appeared by brief.

Mr. Chief Justice Travieso delivered the opinion of the court.

The appellant and his wife issued a promissory note for $6,000, payable to bearer, and in order to secure the same, they constituted a first mortgage on an urban property owned by them and located in the Municipality of Isabela.

Upon the mortgage deed being presented for record in the registry, the registrar recorded the same and entered, at the foot of the instrument, the following note:

"The foregoing document is recorded at page 39, reverse side, of volume 65 of Isabela, inscription 2, subject to the curable defect of the failure to state the (grantor's) title. . . . ."

The determination of the controversy between the registrar and the appellant hinges upon the construction that should be given to §§ 9 (6) and 21 of the Mortgage Law and § 75(3) of the Regulations, which read thus:

"Article 9.—Every record made in a registry shall set forth the following details:

"*      *      *      *      *      *      *

"6. The name and surname of the person, or the name of the corporate body or legal entity from whom the property or rights to be recorded are immediately derived.

"Article 21.—Public instruments embodying acts or contracts subject to record must state at least all the details which the record must contain under the penalty of nullity, relating to the persons of the parties thereto, the estates and recorded interests.

"Article 75 (Regulations).—Records of any kind shall be made in the following order:

"*      *      *      *      *      *      *

"Third.—The name and title of the person conveying the right or the name of the corporation or legal entity who is the last grantor thereof."

The appellant maintains that the decision appealed from is erroneous:

1. Because the right to be recorded is the mortgage credit constituted in favor of the holder of the promissory note and the names and surnames of the persons who constituted the same, as debtors, that is, the appellant and his wife, are stated in the deed.

2. Because the mortgaged realty is not the subject of any transfer entry in the registry, in which said realty is recorded in the names of the appellant and his wife.

3. Because the cited legal provisions are strictly applicable only to cases involving the conveyance of the ownership of real property or of rights therein and not to cases involving the constitution of a mortgage.

In support of the decision, the registrar cites §§ 9(6) and 21 of the Mortgage Law, *supra,* and the construction given to those provisions by this court in the case of *Ruiz* v. *To-*

*rres,* 61 P.R.R. 1; and to meet appellant's contention that the cited provisions of the Mortgage Law are inapplicable to the constitution of a mortgage, the registrar invokes § 30 of the Mortgage Law, which reads as follows:

"Article 30.—The records of the instruments mentioned in articles 2 and 5 shall be void if they do not set forth the circumstances mentioned in subdivisions 1,2,3,4,5,6, and 8 of articles 9, and subdivision 1 of article 13."

Article 2 mentioned in the foregoing § 30, provides in its pertinent part, thus:

"Article 2.—The following shall be recorded in the registries mentioned in the preceding article:

"1.     *     *     *     *     *     *

"2. Instruments constituting, recognizing, modifying or extinguishing rights of usufruct, use, habitation, emphyteusis, *mortgages,* rent charges, servitudes or any other real rights." (Italics ours.)

Before entering into a discussion and determination of the legal question raised in this proceeding, it should be noted that it is an undisputed fact that the mortgaged property is recorded in the names of the mortgagors: the appellant and his wife. Otherwise the registrar would have denied the recording of the instrument.

We do not agree with the construction given by the registrar to the above-quoted legal provision, as we consider it erroneous.

Our decision in *Ruiz* v. *Torres, supra,* gives us no aid in the determination of the present appeal. In that case there was involved the interpretation of subdivisions 1 and 2 of § 9 of the Mortgage Law, in connection with § 21 thereof. We held that a deed of sale of the remainder of a property after segregations, in which the original estate is not described as it appears from the registry, and in which the segregations made from said property are not stated but only the boundaries of the remainder that has been sold, does not comply with the requisites established by §§ 9 (1, 2) and

21 of the Mortgage Law in regard to recordation, and can not be recorded. We are dealing now with the interpretation of subdivision 3 of § 9, in connection with §§ 2, 21, and 30 of the Mortgage Law and § 75 of the Regulations.

All that § 9(6) requires is that the record made in the registry should set forth *the name and surname of the person from whom the property or rights to be recorded are immediately derived.* Article 21, undoubtedly in order to enable the registrar to comply with the requisites of § 9, requires that the deed to be presented for record in the registry must state all the details which the record must contain under the penalty or nullity, relating to the persons of the parties thereto, and the recorded interests, or, in other words, that the deed should set forth *the name and surname of the person from whom the property or rights to be recorded are immediately derived.* Article 75 of the Regulations, which points out the order to be followed by the registrar in making the record, provides in subdivision 3 thereof that the record shall set forth "the name and title of the person conveying the right."

There is no doubt that if a sale or conveyance of the ownership of the property were involved, the registrar would be justified, not only in noting the defect of the failure to state the vendor's title, but also in denying the record, since the latter would be void if made without complying with the aforesaid legal requisite.

In the instant case we are not dealing with the recording of an instrument conveying the ownership but with the recording of a deed, whereby the owner of an immovable—who holds the title in fee recorded in the registry, wherein the name and surname of his vendor or predecessor in interest are stated—creates or constitutes a mortgage right in favor of his creditor. In order to uphold the contention of the registrar, we would have to countenance the absurd principle that the mortgage, which is the right to be recorded,

is immediately derived from the predecessor in interest of the mortgagor and not from the latter. The registrar would be right if there was involved the recording of the assignment or transfer of a mortgage credit, for in such case, both the deed and the record should set forth the name and surname of the person from whom the mortgage right to be recorded in the name of the assignee is immediately derived.

It is true that, as stated by the registrar, § 30 of the Spanish Mortgage Law expressly excludes the records of mortgages and that, therefore, the omission of the details mentioned in subdivision 6 of § 9, according to the Spanish Law, does not produce the nullity of the record of a mortgage. And it is likewise true that § 30 of our Mortgage Law, *supra,* does not establish any exception in favor of mortgages. It is on this difference between the Spanish Law and our law that the registrar bases his contention that the recording of the instrument presented by the appellant, without the curable defect stated in the note appealed from, would be void.

The question under discussion had been decided by the Spanish tribunals adversely to the contention of the registrar. J. Morrell y Terry, in his commentaries on the Mortgage Law [(vol. 2) 20 *Biblioteca Jurídica de Autores Españoles,* etc., 133], says:

"In a mortgage deed the transferor is the mortgagor, without it being necessary to state in the record the person from whom said mortgagor acquired the property, according to the Decisions of November 24, 1882, and March 6, 1884, and, as we have already stated, such requisite is not generally necessary, in accordance with the Decision of December 10, 1905."

Commenting on subdivision 6 of § 9 of the Mortgage Law of 1869, Galindo and Escosura (vol. 1, p. 589) maintain that "the failure to state in a mortgage deed the name and surname of the person from whom the mortgagor acquired the property, or the title by which such acquisition was made"

470

should not be considered as a defect in the record. The same authors, referring to § 30 of the Spanish Mortgage Law (vol. 2, p. 336–338), reach the conclusion "that a mortgage record should contain, in accordance with subdivision 6 of Article 9, the name and surname of the person from whom the mortgage right is derived," and they add: "the person from whom the property or rights to be recorded are immediately derived is not the predecessor in interest of the contracting party but the contracting party himself; the derivation from such predecessor in interest is remote."

Since the deed presented in this case sets forth the names and surnames of the appellant and his wife, who are the persons from whom the mortgage right to be recorded is immediately derived, it must be held, and we so hold, that said deed complies with the requisites of subdivision 6 of § 9 of the Mortgage Law, and that the registrar erred in recording the same subject to the defect stated in his note. The latter must be reversed, and the registrar must make the record free from such defect and from the payment of any charge by the appellant.